IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RODOLFO MOLINA, JR., #31810-008,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-0477-P |
| | ) | |
| **DAN JOSLIN, Warden,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order of reference filed on June 20, 2005, Petitioner's Notice of Default and Opportunity to Cure and Affidavit of Notice of Default, filed on June 15, 2005, have been referred to the United States magistrate judge. The findings, conclusions and recommendation of the magistrate judge are as follows:

FINDINGS AND CONCLUSIONS:

On June 8, 2005, the District Court adopted the Findings, Conclusions and Recommendation of the Magistrate Judge over Petitioner's objections and dismissed the habeas corpus petition for want of jurisdiction. Thereafter, Petitioner filed the motion and affidavit presently at issue before the Court.

In the Notice of Default, Petitioner refers to a default on "an agreement" or "stipulation" with a "Secured Party's Creditor's dated presentment through your dishonor." In both pleadings, Petitioner refers to himself as the "Secured Party Creditor, Holder-in-Due-Course, Authorized Representative."

Petitioner's pleading are factually frivolous. His allegations describe fantastic or

delusional scenarios which are irrational and incredible. Denton v. Hernandez, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992). Petitioner is a federal prisoner, presently incarcerated at FCI Seagoville.

Insofar as Petitioner seeks relief from the judgment of dismissal entered in this case, the Court finds that his pleadings do not present extraordinary circumstances justifying relief under Fed. R. Civ. P. 60(b)(6). Government Financial Services One Ltd. Partnership v. Peyton Place, Inc., 62 F.3d 767 (5th Cir. 1995) (quoted case omitted).[1]

RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court enter its order denying Petitioner's Notice of Default and Opportunity to Cure.

A copy of this recommendation will be mailed to Petitioner.

Signed this 29th day of June, 2005.

*Wm. F. Sanderson, Jr.* (signature)

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[1] Rule 60(b)(1) through (b)(5), which address inadvertence, excusable neglect, newly discovered evidence, fraud, and misrepresentation, do not apply in this case.